**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **KERRY BELL** | **CIVIL ACTION** |
| **VERSUS** | **NO:  13-6636** |
| **SOCIAL SECURITY ADMINISTRATION** | **SECTION:"C" (4)** |

<u>**REPORT AND RECOMMENDATION**</u>

**I.**    <u>**Introduction**</u>

This is an action for judicial review of a final decision of the Commissioner of the Social Security Administration ("the Commissioner") pursuant to **Title 42 U.S.C. § 405(g)**. The Commissioner denied Kerry Bell's ("Bell") claim for Supplemental Security Income Benefits under Title XVI of the Social Security Act, **Title 42 U.S.C. § 1382c.**

Before the Court is a **Motion to Dismiss (Rec. Doc. No. 8)** which was  referred to the undersigned United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(b) and Local Rule 19.02E(b), for the submission of Proposed Findings and Recommendations.

**II.**    <u>**Factual Summary**</u>

The claimant, Kerry McArthur Bell ("Bell"),  filed applications for Title II and Title XVI benefits on July 25, 2011 which were denied at the initial level on September 6, 2011.[1] On September 12, 2011, Bell field a request for hearing. *Id.* However on May 21, 2012, the Administrative Law Judge ('the ALJ") issued an Order of Dismissal dismissing Bell's request for

---

[1] *See* R. Doc. 8-1, p.1; citing R. Doc. 8-2, pp. 2-23.

hearing, noting that he requested withdrawal of the request for review.[2]

Contrary to his early request for dismissal, Bell filed a request to the Appeals Council to review the ALJ's dismissal of his request for hearing.  Thereafter, the Appeals Council vacated the ALJ's order of dismissal and remanded the case for further proceedings.[3]

In keeping with the instructions of the Appeals Council, the ALJ, Nancy Pizzo, conducted a hearing on August 13, 2013. On November 13, 2013, she issued her written findings of an unfavorable decision.[4] Rather than seek review of the ALJ's unfavorable decision, Bell filed a complaint in this court on December 12, 2013.[5] Therefore, the Commissioner filed a Motion seeking dismissal of Bell's claims for lack of subject matter jurisdiction.

## III.   __Analysis__

The Social Security Act provides that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, . . . may obtain a review of such decision by a civil action" in federal district court. *See* 42 U.S.C. § 405(g).  The Social Security Act however, does not define "final decision," instead, it leaves it to the "Secretary to flesh out" the meaning of the term through regulations. *See* 42 U.S.C. § 405(a); *Weinberger v. Salfi*, 422 U.S. 749, 766  (1975). The Social Security Act  regulations provide that if the Appeals Council grants review of a claim then the decision that the Council issues is the Commissioner's final decision. However, if the Council denies the request for review, the ALJ's opinion becomes the

---

[2]*See* R. Doc. 8-2, 05/21/2012, pp. 2-8, 10.

[3]*See* R. Doc. 8-2, 11/29/2012, p. 11-14.

[4]*See* R. Doc. 8-2, 11/13/2013, p. 15-18.

[5]*See* R. Doc. 1 & 2. Bell's complaint was filed on December 13, 2013, but he filed a motion for leave to proceed in forma pauperis on December 12, 2013.

final decision. *See* 20 CFR §§ 404.900(a)(4)- (5), 404.955, 404.981, 422.210(a) (1999).[6]

   If a claimant, such as Bell here, fails to request review from the Appeals Council, there is no final decision and, as a result, no judicial review in most cases. *See* 20 CFR § 404.900(b); *Bowen v. City of New York*, 476 U.S. 467, 482-483 (1986); *Heckler v. Ringer,* 466 U.S. 602.   In administrative-law parlance, such a claimant may not obtain judicial review because he has failed to exhaust administrative remedies. *Id. See also Salfi*, 422 U.S. at 765-766; *see also Physician Hospitals of Am. v. Sebelius*, 691 F.3d 649 (5th Cir. 2012).

   There is no evidence in the record that would suggest that Bell requested review of the Administrative Law Judge's Decision by the Appeals Council, nor has Bell filed a response to the Commissioner's motion indicating anything to the contrary. In the absence of proof to the contrary, the Court finds that Bell has failed to exhaust the available administrative remedies. As such, the Court finds that it lacks subject matter jurisdiction over Bell's claim. Therefore, the Court finds that the Commissioner's **Motion to Dismiss (Rec. Doc. No. 8)** should be **GRANTED.**

## IV.    Recommendation

   **IT IS RECOMMENDED** that the Commissioner's **Motion to Dismiss (R. Doc. 8)** be **GRANTED** for lack of subject matter jurisdiction due to Kerry Bell's failure to exhaust administrative remedies.

   A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district

---

[6] *See* Part 404 of 20 CFR (1999) applies to Title II of the Act.

court, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[7]

New Orleans, Louisiana, this 17th day of April 2014.

KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE

---

[7]*Douglass* referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.

4